ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **LUIS ANEUDY ALVARADO VIERA**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**MARÍA L. CANDELARIA RAMOS Y JOSÉ F. RODRÍGUEZ OJEDA**<br>DEMANDADA(S)-APELADA(S) | **TA2025AP00486** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.:<br>**SJ2025RF00393 (703)**<br><br>Sobre:<br>Impugnación de Reconocimiento |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 29 de abril de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **LUIS ANEUDY ALVARADO VIERA** (señor **ALVARADO VIERA**) mediante *Apelación* encausada el 27 de octubre de 2025. En su recurso, nos solicita que revisemos la *Sentencia* formulada el día 25 de septiembre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] En dicha decisión, el foro apelado decretó la desestimación, por caducidad, de la *Demanda* incoada el 17 de marzo de 2025 por el señor **ALVARADO VIERA**.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 26 de septiembre de 2025. Apéndice de la *Apelación*, entrada núm. 55 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

- I -

El 17 de marzo de 2025, el señor **ALVARADO VIERA** entabló una *Demanda* sobre impugnación de paternidad.[2] Alegó que, en enero de 2014, reconoció a la menor A.Z.A.C.; la señora **MARÍA L. CANDELARIA RAMOS** (señora **CANDELARIA RAMOS**) logró que la reconociera mediante maquinaciones insidiosas y a sabiendas de que no era la hija biológica del señor **ALVARADO VIERA;** y fuese reconocida mediando dolo, treta y engaño.

El 30 de abril de 2025, la señora **CANDELARIA RAMOS** presentó *Moción de Desestimación por Falta de Parte Indispensable*.[3] Ello sustentado en que no se había incluido a la menor A.Z.A.C. como parte. Posteriormente, el 14 de mayo de 2025, se presentó *Demanda Enmendada* para incluir a la menor A.Z.A.C. y el señor **JOSÉ F. RODRÍGUEZ OJEDA** como partes indispensables.[4] También presentó una *Moción Informativa y sobre Otros Extremos.* En esta última, apuntaló que las partes demandadas no habían contestado la *Demanda*; había presentado una *Demanda Enmendada* incluyendo a la menor A.Z.A.C. y se había tornado académica la solicitud de desestimación. En la misma fecha, la señora **CANDELARIA RAMOS** presentó *Moción Reiterando Desestimación por Falta de Parte Indispensable.*[5] Asimismo, ese día, el foro apelado emitió varias *Órdenes* y *una Resolución sobre Desestimación*.[6] En esta última, declaró no ha lugar la petición de desestimación presentada por la señora **CANDELARIA RAMOS**.

A los pocos días, el 19 de mayo de 2025, el señor **ALVARADO VIERA** presentó *Demanda Enmendada* para incluir el nombre de la menor en el

---

[2] Apéndice de la *Apelación*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). En la página 5 enuncia: "De igual manera y con mayor importancia aun los [sic] es que el récord de de [sic] la Vista evidenciaria celebrada no sostiene las determinaciones de hechos a las cuales el TPI llego [sic] en la Sentencia Apelada (SUMAC 55). La aquí apelante ha solicitado la regrabación de los procedimientos, la cual será transcrita para beneficio de este Honorable Tribunal y en sustento del error invocado".

[3] *Id.*, entrada núm. 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Apéndice de la *Apelación*, entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] *Id.*, entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] *Id.*, entradas núm. 16-19 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

epígrafe[7] Simultáneamente, el señor **JOSÉ L. RODRÍGUEZ OJEDA** presentó su *Moción en Cumplimiento de Orden y Contestación a Demanda*.[8]

Más adelante, el 9 de junio de 2025, la señora **CANDELARIA RAMOS** presentó una *Moción de Desestimación de Demanda por Caducidad*.[9] Acotó que había caducado el término para impugnar la paternidad; el señor **ALVARADO VIERA** tuvo la sospecha de que la menor A.Z.A.C. no era suya desde el 2013; reconoció voluntariamente a la menor pese a su duda; y han transcurrido más de once (11) años; por lo que, su reclamación esta caduca. El 10 de junio de 2025, se dictaminó *Orden* concediendo un plazo de diez (10) días para expresar su posición al señor **ALVARADO VIERA**.[10] Así las cosas, el 24 de junio de 2025, el señor **ALVARADO VIERA** presentó *Oposición a Moción de Desestimación (SUMAC doc. 27)*.[11]

Luego de varias incidencias procesales que no son necesarias pormenorizar, se pautó audiencia evidenciaria para atender el planteamiento de caducidad para el 13 de agosto de 2025.[12] Así, el 25 de septiembre de 2025, se dictaminó la *Sentencia* apelada.

Insatisfecho, el 27 de octubre de 2025, el señor **ALVARADO VIERA** acudió ante este foro intermedio revisor, mediante *Apelación* señalando el(los) siguiente(s) error(es):

> Erró el TPI al dictar, Sentencia, en contravención al ordenamiento jurídico vigente declarando con lugar una moción de desestimación de la parte [sic] recurrida apelada.

> Erró el TPI al resolver que las [sic] determinaciones de hechos de la Sentencia no se sostienen con el récord de la vista evidenciaria celebrada el 13 de agosto de 2025. La Moción de Desestimación contraviene el estándar aplicable a la moción para desestimar.

---

[7] Apéndice de la *Apelación*, entrada núm. 20 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] *Id.*, entrada núm. 22 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] Apéndice de la *Apelación*, entrada núm. 27 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[10] *Id.*, entrada núm. 28 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[11] *Id.*, entrada núm. 30 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[12] Incluyendo la designación de la licenciada Yamellis Marrero Figueroa como representación legal de la menor A.Z.A.C., las partes haberse efectuado la prueba de ADN y recibido el *Informe de ADN* rendido por DNA Diagnostics Center efectuado el 17 de septiembre de 2025.

El 29 de octubre de 2025, intimamos *Resolución* en la cual concedimos un plazo de treinta (30) días para presentar su alegato a la señora **CANDELARIA RAMOS Y OTROS**. El 30 de noviembre de 2025, la señora **CANDELARIA RAMOS** presentó su *Alegato de Apelación*.

Mas tarde, el 12 de diciembre de 2025, pronunciamos una *Resolución* requiriendo la reproducción de la prueba oral. Después, el 30 de enero de 2026, se recabó acreditar si se había obtenido la regrabación de la audiencia o si se había procedido con la transcripción. El 11 de febrero de 2026, el señor **ALVARADO VIERA** presentó *Moción Informativa y en Cumplimiento de Orden* en la cual informó haber obtenido la grabación de la audiencia; haber enviado la grabación a las respectivas representaciones legales; y proponiendo utilizar el mecanismo de exposición narrativa de la prueba. Finalmente, el 25 de marzo de 2026, proferimos *Resolución* requiriéndole al señor **ALVARADO VIERA** confirmar si había procedido con la exposición narrativa de la prueba testifical.[13] Al día de hoy, no hemos recibido documento alguno.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II –

- A – *PERFECCIONAMIENTO DE LOS RECURSOS ANTE EL TRIBUNAL DE APELACIONES*

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[14] No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de

---

[13] Se apercibió que la consecuencia de no reproducir la prueba oral de forma oportuna, podría conllevar que se considere renunciado todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de una evaluación de la prueba oral.

[14] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).

Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes y/o representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[15] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[16]

Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos establecidos en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso.[17]

Más aún, el Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[18] Señaló que la política de acceso a la justicia contenida en la Ley de la Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[19] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, sin embargo, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es

---

[15] *Isleta v. Inversiones Isleta Marina, supra*, pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[16] Id.
[17] *Morán v. Martí,* 165 DPR 356 (2005).
[18] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150 (2007).
[19] 4 LPRA § 24a. *Morán v. Martí, supra; Gran Vista I. v. Gutiérrez y otros,* 170 DPR 174 (2007).

no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de 2003."[20] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[21]

Además de lo anterior, las Reglas 19 y 76 de nuestro Reglamento disponen todo lo relacionado a la reproducción de la prueba oral. A esos efectos, la citada Regla 19 sobre *reproducción de la prueba oral*, en lo pertinente, instituye lo siguiente:

> (A) Cuando la parte apelante haya **señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la Regla 76 de este Reglamento**. Cuando promueva la disposición rápida y eficiente del recurso, el Tribunal de Apelaciones podrá relevar a las partes de reproducir la prueba oral, y requerir que sometan la regrabación del procedimiento en el tribunal apelado, detallando las porciones de la grabación concernientes al error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta.
> (B) **La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos**. [...].[22]

Por otro lado, la Regla 76 del Reglamento, sobre *reproducción de la prueba oral,* instaura:

> (A) Aplicabilidad
> **Una parte que ha presentado un recurso ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones, no más tarde de diez días desde que se presentó el recurso, si se propone reproducir la prueba oral que desfiló ante el foro recurrido y si propone una transcripción, una exposición narrativa estipulada o algún otro método**. La parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.
> Si la parte ha impugnado la apreciación de la prueba por el foro recurrido, o si el Tribunal de Apelaciones considera que es necesario o conveniente examinar la prueba oral para adjudicar apropiadamente los señalamientos de error de la parte apelante, peticionaria o recurrente, el Tribunal deberá, en ausencia de una expresión al respecto de dicha parte, **ordenar a esta que informe, en un término razonable, si se propone reproducir la prueba oral y qué método propone para esto. Dicha orden deberá incluir una advertencia sobre la consecuencia de no**

---

[20] *Morán v. Martí, supra,* pág. 369.
[21] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).
[22] Énfasis nuestro. Véase la Regla 19 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 37, 216 DPR ____ (2025).

**reproducir la prueba oral de forma oportuna, lo cual podría incluir que se considere renunciado todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de una evaluación de la prueba oral**.[23] A instancia de parte, o por iniciativa propia, el tribunal determinará si autoriza la reproducción de la prueba oral, así como el método que se utilizará para esto. [...].

### - B – *Jurisdicción*

La *jurisdicción* es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[24] Debido a lo cual, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[25]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. En definitiva, si un tribunal determina que carece de *jurisdicción*, lo único que puede hacer es así declararlo y proceder con la inmediata desestimación del caso.[26]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[27]

---

[23] Énfasis nuestro. Véase la Regla 76 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 105, 216 DPR ____ (2025).

[24] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020); *Beltrán Cintrón, et al. v. ELA, et al.*, 204 DPR 89 (2020).

[25] *Allied Mgmt. Group v. Oriental Bank, supra*.

[26] *JMG Investment v ELA et al.*, 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019).

[27] *Beltrán Cintrón, et al. v. ELA, et al., supra*; *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); y *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[28] Una vez un tribunal determina que no tiene *jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".*[29] Ello sin entrar en los méritos de la controversia ante sí.

- III –

En este caso, el señor **ALVARADO VIERA** insta una *Apelación* en la cual cuestiona como errores: (i) al dictar *Sentencia* en contravención al ordenamiento jurídico vigente declarando con lugar una moción de desestimación de la parte [sic] recurrida apelada; y (ii) al resolver que la [sic] determinaciones de hechos de la *Sentencia* no se sostienen con el récord de la vista evidenciaria celebrada el 13 de agosto de 2025 y la *Moción de Desestimación* contraviene el estándar aplicable a la moción para desestimar.

La señora **CANDELARIA RAMOS** argumenta que al no presentarse la transcripción de la regrabación de la audiencia este Tribunal no está en posición de hacer interpretaciones de los testimonios.

Las fallas o señalamientos de error se ciñen a una revisión de la apreciación de la prueba testifical vertida para récord en la audiencia celebrada el 13 de agosto de 2025. Tal y como fue expuesto, nuestro Reglamento requiere que la parte que impugna la apreciación de la prueba efectuada por un tribunal, presente la reproducción de la prueba oral, para que este foro judicial pueda evaluar tal reclamo. Ante la ausencia de una reproducción de la prueba oral desfilada ante el foro apelado, no obra en los

---

[28] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[29] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

autos todo lo necesario para realizar una apreciación de la prueba. En virtud de ello, el señor **ALVARADO VIERA** no nos ha colocado en posición de ponderar los aspectos concernientes a la apreciación de la prueba ejecutada por el tribunal primario. Ante ello, no estamos en posición de evaluar los alegados errores y colegimos que el recurso presentado por el señor **ALVARADO VIERA** incumple de forma crasa con los requisitos reglamentarios indispensables para que podamos atender los méritos de la(s) controversia(s). Más aun, no se ha proseguido con diligencia o de buena fe y estos incumplimientos nos privan de atender la(s) controversia(s) planteada(s). En consecuencia, concluimos que procede la ***desestimación*** del recurso sobre *Apelación*.

- IV -

Por los fundamentos antes expuestos y en conformidad con las Reglas 19, 76 y 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** la *Apelación* interpuesta el 27 de octubre de 2025 por el señor **LUIS ANEUDY ALVARADO VIERA;** y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones